UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| FEDERAL TRADE COMMISSION, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 13-cv-1527 |
| SUBSCRIBERBASE HOLDINGS, INC.; | ) | |
| SUBSCRIBERBASE, INC. | ) | Judge John W. Darrah |
| JEFFREY FRENCH; | ) | |
| ALL SQUARE MARKETING, LLC; | ) | |
| THREADPOINT, LLC; | ) | |
| PC GLOBAL INVESTMENTS, LLC; | ) | |
| SLASH 20, LLC; | ) | |
| BRENT CRANMER; | ) | |
| CHRISTOPHER MCVEIGH; and | ) | |
| MICHAEL MAZZELLA; | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Brent Cranmer moves to dismiss the Complaint for Permanent Injunction and Other Equitable Relief filed by Plaintiff, the Federal Trade Commission ("FTC"), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim against him upon which relief can be granted. For the reasons presented below, Cranmer's Motion to Dismiss is denied.

### **BACKGROUND**

The following facts are drawn from Plaintiff's Complaint and are accepted as true for purposes of the Motion to Dismiss. S*ee Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). The FTC filed suit against Cranmer pursuant to Section 5 of the FTC Act, which prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). In the Complaint, the FTC alleges that Cranmer is an "officer and manager of [Defendants] All

Square, PC Global, and Slash 20" and that Cranmer has "formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in [the] Complaint." (Compl. ¶ 13.) The Complaint alleges that the "All Square Defendants"[1] market "free" merchandise to consumers through websites, which then lead consumers to other websites operated by other Defendants within the instant case. (Compl. ¶ 20.) At the so-called landing page websites, consumers are prompted to provide their mailing address and other contact information based on promises to ship consumers "free" merchandise. (Compl. ¶¶ 26-27.) At this point, Defendants proceed to sell or share the consumers' personal information with third parties. (Compl. ¶ 35.) The Complaint further alleges that none of the websites operated by Defendants clearly disclose the costs or obligations necessary to claim the "free" merchandise. (Compl. ¶ 34.)

On March 25, 2013, a stipulated preliminary injunction was entered against Defendants, including Brent Cranmer. On June 2, 2013, Brent Cranmer filed a Motion, alleging the FTC had failed to state a claim against Cranmer under Fed. R. Civ. P. 12(b)(6).[2] (Mot. at 1.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)[3] requires that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require

---

[1] The "All Square Defendants" comprise All Square, Threadpoint, PC Global, and Slash 20, and Brent Cranmer is alleged in the Complaint to have "formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the All Square Defendants." (Compl. ¶ 17.)

[2] Cranmer also submitted a sworn declaration in support of his motion. However, "documents that are neither included in the plaintiff's complaint nor central to the claim should not be considered on a motion to dismiss." *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002) (citing *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775 (7th Cir. 2001)). Therefore, the Declaration will not be considered with regard to the Defendant's Motion to Dismiss.

2

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Under the Federal Rules, the defendant can assert a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 578 (quoting *Twombly*, 550 U.S. at 570). To meet the plausibility standard, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). A 12(b)(6) motion does not evaluate "whether a plaintiff will ultimately prevail" but, instead, whether the plaintiff is entitled to present evidence in support of the claims. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (internal quotation and citation omitted).

## ANALYSIS

An individual defendant is liable under Section 5 of the FTC Act, on which the Complaint is based, when he "either participated directly in the deceptive acts or practices or had authority to control them," and also "either knew or should have known about the deceptive practices." *FTC v. World Media Brokers*, 415 F.3d 758, 764 (7th Cir. 2005) (citations omitted). Cranmer asserts that the FTC improperly grouped him with other Defendants and that the allegations in the Complaint specific to him do not state a claim against him. (Mem. in Support of Mot. at 1-2.) However, as explained above, the Complaint identifies him as an officer and

---

[3] The parties agree that this action should be analyzed based on a Rule 8(a) context as opposed to a Rule 9(b) context for claims of fraud. (Mem. in Support of Mot. at 5; Resp. at 7.)

manager of Defendants All Square, PC Global, and Slash 20 and also alleges that he "formulated, directed, controlled, had the authority to control, or participated in the acts set forth in [the] Complaint." (Compl. ¶ 13.) Accordingly, the FTC has put Cranmer on notice of the allegations against him, which satisfies the pleading standard set out in *Twombly*. *Twombly*, 550 U.S. at 545.

Cranmer's assertion that the facts alleged by the FTC cannot, "as a matter of law, give rise to any cause of action against him" (Mem. in Support of Mot. at 1) is premature. The Complaint provides detailed factual allegations against all Defendants, in particular describing the actions taken by the Defendant companies, and alleges Cranmer had the authority to direct, control, and participate in the activities alleged to have been carried out by the Defendant companies, of which he was an officer. Accordingly, the FTC has asserted enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting its claims against Defendants, including Cranmer. *Twombly*, 550 U.S. at 556.

## CONCLUSION

For the reasons set forth above, Defendant Brent Cranmer's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, is denied.

Date: September 24, 2013

JOHN W. DARRAH
United States District Court Judge

4